91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leslie R. BELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3053.
 United States Court of Appeals, Federal Circuit.
 April 15, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
June 24, 1996.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Leslie R. Bell petitions for review of the November 1, 1995 decision of the Merit Systems Protection Board, Docket No. DC0351930749-X-1, dismissing his petition for enforcement of a prior Board decision. Because the Board did not err in finding that the United States Postal Service (the "agency") complied with the prior Board decision, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Bell as a Manager, Drafting Branch. As part of its restructuring in 1992 and 1993, the agency demoted him to the position of Supervisor, Customer Services, with indefinite saved grade and frozen salary. Bell appealed to the Board on September 8, 1993, alleging that the agency demoted him without using the proper reduction-in-force procedures. The Board consolidated Bell's appeal with that of several other employees affected by the agency's restructuring.
 
 
 3
 The Board reversed the agency's actions. It determined that the employees' reassignments constituted an improper reduction-in-force even though the agency provided the employees with indefinite retained grade and pay. Anderson v. United States Postal Serv., 64 M.S.P.R. 233 (1994); see also Brown v. United States Postal Serv., 58 M.S.P.R. 345, 347-48 (1993). Thus, the Board ordered the agency "to cancel each appellant's demotion, and to restore him or her retroactive to the effective date of that action." Anderson, 64 M.S.P.R. at 238.
 
 
 4
 Thereafter, Bell and several other postal service employees filed a petition for enforcement, alleging that they had not been restored in accordance with the Board's order. An administrative judge agreed and ordered that "the agency must either restore the appellants to their former positions or issue them specific notices of reduction in force consistent with 5 C.F.R. § 351.801(a)(1)." Bell v. United States Postal Serv., No. DC0351930749-C-1 (M.S.P.B. March 9, 1995). In response, the agency notified Bell in April 1995 that a reduction-in-force had been conducted and "[a]s a result, effective July 8, 1995, you will be released from the Competitive Level you occupied prior to the 1992-1993 reorganization." The agency submitted a copy of this notice to the Board, which held that the agency was now in compliance with the Board's order. Thus, the Board dismissed Bell's petition for enforcement. Bell appeals.
 
 
 5
 Our review of a Board decision is limited by statute. We may set aside the decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 6
 On appeal, Bell does not challenge whether the agency complied with the Board's order. Instead, Bell's arguments focus on the propriety of the reduction-in-force proceedings in July 1995. He argues that these actions do not comply with the agency's governing statutes and regulations.
 
 
 7
 We need not address these arguments. The Board did not err when it decided that the agency complied with the Board's prior decision. The agency provided Bell with notice of a reduction-in-force in July 1995. Nothing further was required to comply with the Board's order. See Sink v. United States Postal Serv., 68 M.S.P.R. 497 (1995). Bell's arguments go beyond the scope of the compliance proceedings and may be raised in his separately pending appeal before the Board on the merits of the reduction-in-force.